# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ADVANCE MAGAZINE PUBLISHERS**   )
**INC.,**   )
1 World Trade Center   )
New York, NY 10007   )
   )
**Plaintiff,**   )
   )
v.   )
   )
**U.S. DEPARTMENT OF DEFENSE,**   )
1155 Defense Pentagon   )
Washington, DC 20301   )
   )
**U.S. AIR FORCE,**   )
1000 Air Force Pentagon   )
Washington, DC 20330-1000   )
   )
**Defendants.**   )

## COMPLAINT

1.    Plaintiff ADVANCE MAGAZINE PUBLISHERS INC. brings this suit to force Defendants U.S. DEPARTMENT OF DEFENSE and U.S. DEPARTMENT OF THE AIR FORCE to produce records regarding prosecutions of Air Force service members in connection with war crimes committed in Iraq and Afghanistan.

## PARTIES

2.    Plaintiff ADVANCE MAGAZINE PUBLISHERS INC. ("AMP") is the parent company of *The New Yorker*, which is an American weekly magazine featuring journalism,

commentary, criticism, essays, fiction, satire, cartoons, and poetry. AMP is the FOIA requester in this case.

3.     Defendant U.S. DEPARTMENT OF DEFENSE ("DOD") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4.     Defendant U.S. AIR FORCE ("AIR FORCE") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.  DOD is the parent agency of AIR FORCE.

## JURISDICTION AND VENUE

5.     This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

6.     Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## MAY 4, 2021 WRIGHT-PATTERSON AFB FOIA REQUEST TO AIR FORCE

7.     On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for all Air Force service members prosecuted in connection with an incident, which the AIR FORCE described, in an earlier FOIA release, as a possible Law of Armed Conflict violation connected to Region 1, FIS 10, and Wright-Patterson AFB:

   a.  Any/all charge sheets (DD458).
   b.  Any/all court-martial data sheets (DD494).
   c.  Any/all chronology sheets (DD490).
   d.  Any/all indexes of records of trial (including witness lists and exhibit lists).
   e.  Any/all reports of results of trial (DD2707-1).
   f.  Any/all records of by summary court-martial (DD2329).
   g.  Any/all summarized records of trial (DD491).

8.     The Air Force Office of Special Investigations opened an investigation into the incident on June 15, 2004, and closed its investigation on November 1, 2004.  AMP subsequently learned that the investigation was assigned case # 04327041671635.

9.     A true and correct copy of the original FOIA request is included in Exhibit 1.

10.    On September 24, 2021, AIR FORCE sent a letter responding to this and other of AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for the above request.

11.    A true and correct copy of the denial letter is attached as Exhibit 2.

12.    On September 24, 2021, AMP asked AIR FORCE to provide a description of the search process for Article 32 and court-martial records.  AIR FORCE did not respond to this message.

13.    The parties conferred about submitting an administrative appeal, and AIR FORCE consented to accept AMP's appeal and requester clarification.

14.    On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal, and assigned case number 2022-00051-A to the matter.

15.    On December 30, 2021, AMP submitted a requester clarification letter explaining the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was inadequate.  AMP stated that the incident described in its request was investigated by the Air Force Office of Special Investigations and recorded in the central depository of alleged law of war violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E.  Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge Advocate General's Office.  AMP noted that AIR FORCE's search should not have been restricted to "court-martial records."

16.    A true and correct copy of the requester clarification letter is attached as Exhibit 3.

17.    On September 21, 2023, AMP asked for an estimated date of completion for the appeal.

18.     On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received."

19.     A true and correct copy of the correspondence is attached as Exhibit 4.

20.     AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

21.     As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

### MAY 4, 2021 APO AE FOIA REQUEST TO AIR FORCE

22.     On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for all Air Force service members prosecuted in connection with an incident, which the AIR FORCE described, in an earlier FOIA release, as prisoner abuse and assault connected to Region 2, DET 2402, and APO AE:

      a.   Any/all charge sheets (DD458).
      b.   Any/all court-martial data sheets (DD494).
      c.   Any/all chronology sheets (DD490).
      d.   Any/all indexes of records of trial (including witness lists and exhibit lists).
      e.   Any/all reports of results of trial (DD2707-1).
      f.   Any/all records of by summary court-martial (DD2329).
      g.   Any/all summarized records of trial (DD491).

23.     The Air Force Office of Special Investigations opened an investigation into the incident on June 19, 2005, and closed its investigation on July 12, 2005.  AMP subsequently learned that the investigation was assigned case # 28868051700859.

24.     A true and correct copy of the original FOIA request is included in Exhibit 1.

25.     On September 24, 2021, AIR FORCE sent a letter responding to this and other of AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for the above request.  Ex 2.

26.    On September 24, 2021, AMP asked AIR FORCE to provide a description of the search process for Article 32 and court-martial records.  AIR FORCE did not respond to this message.

27.    The parties conferred about submitting an administrative appeal, and AIR FORCE consented to accept AMP's appeal and requester clarification.

28.    On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal, and assigned case number 2022-00051-A to the matter.

29.    On December 30, 2021, AMP submitted a requester clarification letter explaining the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was inadequate.  AMP stated that the incident described in its request was investigated by the Air Force Office of Special Investigations and recorded in the central depository of alleged law of war violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E.  Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge Advocate General's Office.  AMP noted that AIR FORCE's search should not have been restricted to "court-martial records."  Ex 3.

30.    On September 21, 2023, AMP asked for an estimated date of completion for the appeal.  Ex 4.

31.    On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received."  *Id*.

32.    AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

33.    As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

**MAY 4, 2021 TRAVIS AFB FOIA REQUEST TO AIR FORCE**

34.     On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for Air Force service members prosecuted in connection with an incident, which the AIR FORCE described, in an earlier FOIA release, as crimes against society and misconduct involving a prisoner connected to Region 3, DET 303, and Travis AFB:

      a.  Any/all charge sheets (DD458).
      b.  Any/all court-martial data sheets (DD494).
      c.  Any/all chronology sheets (DD490).
      d.  Any/all indexes of records of trial (including witness lists and exhibit lists).
      e.  Any/all reports of results of trial (DD2707-1).
      f.  Any/all records of by summary court-martial (DD2329).
      g.  Any/all summarized records of trial (DD491).

35.     The Air Force Office of Special Investigations opened an investigation into the incident on September 12, 2005, and closed its investigation on November 29, 2007. AMP subsequently learned that the investigation was assigned case # 28850052551458.

36.     A true and correct copy of the original FOIA request is included in Exhibit 1.

37.     On September 24, 2021, AIR FORCE sent a letter responding to this and other of AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for the above request.  Ex 2.

38.     On September 24, 2021, AMP asked AIR FORCE to provide a description of the search process for Article 32 and court-martial records.  AIR FORCE did not respond to this message.

39.     The parties conferred about submitting an administrative appeal, and AIR FORCE consented to accept AMP's appeal and requester clarification.

40.     On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal, and assigned case number 2022-00051-A to the matter.

41.    On December 30, 2021, AMP submitted a requester clarification letter explaining the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was inadequate.  AMP stated that the incident described in its request was investigated by the Air Force Office of Special Investigations and recorded in the central depository of alleged law of war violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E.  Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge Advocate General's Office.  AMP noted that AIR FORCE's search should not have been restricted to "court-martial records."  Ex 3.

42.    On September 21, 2023, AMP asked for an estimated date of completion for the appeal.  Ex 4.

43.    On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received."  *Id*.

44.    AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

45.    As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

**MAY 4, 2021 AVIANO AIR BASE FOIA REQUEST TO AIR FORCE**

46.    On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for Air Force service members prosecuted in connection with an

incident, which the AIR FORCE described, in an earlier FOIA release, as an assault in a time of

war connected to Region 5, DET 531, and Aviano Air Base:

> a.  Any/all charge sheets (DD458).
> b.  Any/all court-martial data sheets (DD494).
> c.  Any/all chronology sheets (DD490).
> d.  Any/all indexes of records of trial (including witness lists and exhibit
> lists).
> e.  Any/all reports of results of trial (DD2707-1).
> f.  Any/all records of by summary court-martial (DD2329).
> g.  Any/all summarized records of trial (DD491).

47.    The Air Force Office of Special Investigations opened an investigation into the

incident on August 9, 2006, and closed its investigation on September 18, 2006. AMP

subsequently learned that the investigation was assigned case # 30063062210405.

48.    A true and correct copy of the original FOIA request is included in Exhibit 1.

49.    On September 24, 2021, AIR FORCE sent a letter responding to this and other of

AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for

the above request.  Ex 2.

50.    On September 24, 2021, AMP asked AIR FORCE to provide a description of the

search process for Article 32 and court-martial records.  AIR FORCE did not respond to this

message.

51.    The parties conferred about submitting an administrative appeal, and AIR FORCE

consented to accept AMP's appeal and requester clarification.

52.    On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal,

and assigned case number 2022-00051-A to the matter.

53.    On December 30, 2021, AMP submitted a requester clarification letter explaining

the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was

inadequate.  AMP stated that the incident described in its request was investigated by the Air Force

Office of Special Investigations and recorded in the central depository of alleged law of war

violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E. Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge Advocate General's Office. AMP noted that AIR FORCE's search should not have been restricted to "court-martial records." Ex 3.

54.     On September 21, 2023, AMP asked for an estimated date of completion for the appeal. Ex 4.

55.     On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received." *Id*.

56.     AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

57.     As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

**MAY 4, 2021 DYESS AFB FOIA REQUEST TO AIR FORCE**

58.     On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for Air Force service members prosecuted in connection with an incident, which the AIR FORCE described, in an earlier FOIA release, as Law of Armed Conflict violations connected to Region 8, DET 815, and Dyess AFB:

      a.  Any/all charge sheets (DD458).
      b.  Any/all court-martial data sheets (DD494).
      c.  Any/all chronology sheets (DD490).

    d.   Any/all indexes of records of trial (including witness lists and exhibit lists).

    e.   Any/all reports of results of trial (DD2707-1).

    f.   Any/all records of by summary court-martial (DD2329).

    g.   Any/all summarized records of trial (DD491).

59.      The Air Force Office of Special Investigations opened an investigation into the incident on June 18, 2007, and closed its investigation on May 9, 2008. AMP subsequently learned that the investigation was assigned case # 27216071691533.

60.      A true and correct copy of the original FOIA request is included in Exhibit 1.

61.      On September 24, 2021, AIR FORCE sent a letter responding to this and other of AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for the above request.  Ex 2.

62.      On September 24, 2021, AMP asked AIR FORCE to provide a description of the search process for Article 32 and court-martial records.  AIR FORCE did not respond to this message.

63.      The parties conferred about submitting an administrative appeal, and AIR FORCE consented to accept AMP's appeal and requester clarification.

64.      On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal, and assigned case number 2022-00051-A to the matter.

65.      On December 30, 2021, AMP submitted a requester clarification letter explaining the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was inadequate.  AMP stated that the incident described in its request was investigated by the Air Force Office of Special Investigations and recorded in the central depository of alleged law of war violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E.  Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge

Advocate General's Office.  AMP noted that AIR FORCE's search should not have been restricted to "court-martial records."  Ex 3.

66.    On September 21, 2023, AMP asked for an estimated date of completion for the appeal.  Ex 4.

67.    On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received."  *Id.*

68.    AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

69.    As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

## MAY 4, 2021 JOINT BASE LEWIS-MCCHORD—DETAINEE ABUSE FOIA REQUEST TO AIR FORCE

70.    On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for Air Force service members prosecuted in connection with an incident, which the AIR FORCE described, in an earlier FOIA release, as detainee abuse connected to Region 3, DET 305, and Joint Base Lewis McChord:

      a.  Any/all charge sheets (DD458).
      b.  Any/all court-martial data sheets (DD494).
      c.  Any/all chronology sheets (DD490).
      d.  Any/all indexes of records of trial (including witness lists and exhibit lists).
      e.  Any/all reports of results of trial (DD2707-1).
      f.  Any/all records of by summary court-martial (DD2329).
      g.  Any/all summarized records of trial (DD491).

71.    The Air Force Office of Special Investigations opened an investigation into the incident on August 2, 2005, and closed its investigation on February 20, 2007. AMP subsequently learned that the investigation was assigned case # 29277052141624.

72.    A true and correct copy of the original FOIA request is included in Exhibit 1.

73.     On September 24, 2021, AIR FORCE sent a letter responding to this and other of AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for the above request.  Ex 2.

74.     On September 24, 2021, AMP asked AIR FORCE to provide a description of the search process for Article 32 and court-martial records.  AIR FORCE did not respond to this message.

75.     The parties conferred about submitting an administrative appeal, and AIR FORCE consented to accept AMP's appeal and requester clarification.

76.     On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal, and assigned case number 2022-00051-A to the matter.

77.     On December 30, 2021, AMP submitted a requester clarification letter explaining the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was inadequate.  AMP stated that the incident described in its request was investigated by the Air Force Office of Special Investigations and recorded in the central depository of alleged law of war violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E.  Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge Advocate General's Office.  AMP noted that AIR FORCE's search should not have been restricted to "court-martial records."  Ex 3.

78.     On September 21, 2023, AMP asked for an estimated date of completion for the appeal.  Ex 4.

79.     On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received."  *Id*.

80.     AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

81.     As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

### MAY 4, 2021 BUCKLEY AFB FOIA REQUEST TO AIR FORCE

82.     On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for Air Force service members prosecuted in connection with an incident, which the AIR FORCE described, in an earlier FOIA release, as law of war violations connected to Region 2, FIS 24, and Buckley AFB:

   a.  Any/all charge sheets (DD458).
   b.  Any/all court-martial data sheets (DD494).
   c.  Any/all chronology sheets (DD490).
   d.  Any/all indexes of records of trial (including witness lists and exhibit lists).
   e.  Any/all reports of results of trial (DD2707-1).
   f.  Any/all records of by summary court-martial (DD2329).
   g.  Any/all summarized records of trial (DD491).

83.     The Air Force Office of Special Investigations opened an investigation into the incident on November 1, 2011, and closed its investigation on October 23, 2012. AMP subsequently learned that the investigation was assigned case # 08219113051049.

84.     A true and correct copy of the original FOIA request is included in Exhibit 1.

85.     On September 24, 2021, AIR FORCE sent a letter responding to this and other of AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for the above request.  Ex 2.

86.     On September 24, 2021, AMP asked AIR FORCE to provide a description of the search process for Article 32 and court-martial records.  AIR FORCE did not respond to this message.

87.     The parties conferred about submitting an administrative appeal, and AIR FORCE consented to accept AMP's appeal and requester clarification.

88.     On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal, and assigned case number 2022-00051-A to the matter.

89.     On December 30, 2021, AMP submitted a requester clarification letter explaining the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was inadequate.  AMP stated that the incident described in its request was investigated by the Air Force Office of Special Investigations and recorded in the central depository of alleged law of war violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E.  Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge Advocate General's Office.  AMP noted that AIR FORCE's search should not have been restricted to "court-martial records."  Ex 3.

90.     On September 21, 2023, AMP asked for an estimated date of completion for the appeal.  Ex 4.

91.     On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received."  *Id*.

92.     AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

93.     As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

**MAY 4, 2021 COLUMBUS AFB FOIA REQUEST TO AIR FORCE**

94.     On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for Air Force service members prosecuted in connection with an

incident, which the AIR FORCE described, in an earlier FOIA release, as Law of Armed Conflict

violations connected to Region 4, DET 406, and Columbus AFB:

     a.   Any/all charge sheets (DD458).
     b.   Any/all court-martial data sheets (DD494).
     c.   Any/all chronology sheets (DD490).
     d.   Any/all indexes of records of trial (including witness lists and exhibit lists).
     e.   Any/all reports of results of trial (DD2707-1).
     f.   Any/all records of by summary court-martial (DD2329).
     g.   Any/all summarized records of trial (DD491).

95.     The Air Force Office of Special Investigations opened an investigation into the

incident on February 14, 2012, and closed its investigation on November 30, 2012. AMP

subsequently learned that the investigation was assigned case # 23403120451446.

96.     A true and correct copy of the original FOIA request is included in Exhibit 1.

97.     On September 24, 2021, AIR FORCE sent a letter responding to this and other of

AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for

the above request.  Ex 2.

98.     On September 24, 2021, AMP asked AIR FORCE to provide a description of the

search process for Article 32 and court-martial records.  AIR FORCE did not respond to this

message.

99.     The parties conferred about submitting an administrative appeal, and AIR FORCE

consented to accept AMP's appeal and requester clarification.

100.     On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal,

and assigned case number 2022-00051-A to the matter.

101.     On December 30, 2021, AMP submitted a requester clarification letter explaining

the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was

inadequate.  AMP stated that the incident described in its request was investigated by the Air Force

Office of Special Investigations and recorded in the central depository of alleged law of war

violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E.  Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge Advocate General's Office.  AMP noted that AIR FORCE's search should not have been restricted to "court-martial records."  Ex 3.

102.    On September 21, 2023, AMP asked for an estimated date of completion for the appeal.  Ex 4.

103.    On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received."  *Id*.

104.    AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

105.    As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

**MAY 4, 2021 MALMSTROM AFB FOIA REQUEST TO AIR FORCE**

106.    On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for Air Force service members prosecuted in connection with an incident, which the AIR FORCE described, in an earlier FOIA release, as an alleged murder and possible war crime connected to Region 8, DET 806, and Malmstrom AFB:

      a.  Any/all charge sheets (DD458).
      b.  Any/all court-martial data sheets (DD494).
      c.  Any/all chronology sheets (DD490).
      d.  Any/all indexes of records of trial (including witness lists and exhibit lists).

  e. Any/all reports of results of trial (DD2707-1).
  f. Any/all records of by summary court-martial (DD2329).
  g. Any/all summarized records of trial (DD491).

107. The Air Force Office of Special Investigations opened an investigation into the incident on November 20, 2013, and closed its investigation on February 18, 2014. AMP subsequently learned that the investigation was assigned case # 33678133241321.

108. A true and correct copy of the original FOIA request is included in Exhibit 1.

109. On September 24, 2021, AIR FORCE sent a letter responding to this and other of AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for the above request.  Ex 2.

110. On September 24, 2021, AMP asked AIR FORCE to provide a description of the search process for Article 32 and court-martial records.  AIR FORCE did not respond to this message.

111. The parties conferred about submitting an administrative appeal, and AIR FORCE consented to accept AMP's appeal and requester clarification.

112. On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal, and assigned case number 2022-00051-A to the matter.

113. On December 30, 2021, AMP submitted a requester clarification letter explaining the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was inadequate.  AMP stated that the incident described in its request was investigated by the Air Force Office of Special Investigations and recorded in the central depository of alleged law of war violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E.  Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge

Advocate General's Office.  AMP noted that AIR FORCE's search should not have been restricted to "court-martial records."  Ex 3.

114.    On September 21, 2023, AMP asked for an estimated date of completion for the appeal.  Ex 4.

115.    On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received."  *Id*.

116.    AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

117.    As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

## MAY 4, 2021 JOINT BASE LEWIS-MCCHORD—LOAC FOIA REQUEST TO AIR FORCE

118.    On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for Air Force service members prosecuted in connection with an incident, which the AIR FORCE described, in an earlier FOIA release, as Law of Armed Conflict violations connected to Region 3, DET 305, and Joint Base Lewis-McChord:

    a.  Any/all charge sheets (DD458).
    b.  Any/all court-martial data sheets (DD494).
    c.  Any/all chronology sheets (DD490).
    d.  Any/all indexes of records of trial (including witness lists and exhibit lists).
    e.  Any/all reports of results of trial (DD2707-1).
    f.  Any/all records of by summary court-martial (DD2329).
    g.  Any/all summarized records of trial (DD491).

119.    The Air Force Office of Special Investigations opened an investigation into the incident on February 17, 2014, and closed its investigation on November 21, 2014. AMP subsequently learned that the investigation was assigned case # 04844140481841.

120.    A true and correct copy of the original FOIA request is included in Exhibit 1.

121.     On September 24, 2021, AIR FORCE sent a letter responding to this and other of AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for the above request.  Ex 2.

122.     On September 24, 2021, AMP asked AIR FORCE to provide a description of the search process for Article 32 and court-martial records.  AIR FORCE did not respond to this message.

123.     The parties conferred about submitting an administrative appeal, and AIR FORCE consented to accept AMP's appeal and requester clarification.

124.     On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal, and assigned case number 2022-00051-A to the matter.

125.     On December 30, 2021, AMP submitted a requester clarification letter explaining the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was inadequate.  AMP stated that the incident described in its request was investigated by the Air Force Office of Special Investigations and recorded in the central depository of alleged law of war violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E.  Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge Advocate General's Office.  AMP noted that AIR FORCE's search should not have been restricted to "court-martial records."  Ex 3.

126.     On September 21, 2023, AMP asked for an estimated date of completion for the appeal.  Ex 4.

127.     On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received."  *Id*.

128.    AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

129.    As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

### MAY 4, 2021 MOUNTAIN HOME AFB FOIA REQUEST TO AIR FORCE

130.    On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for Air Force service members prosecuted in connection with an incident, which the AIR FORCE described, in an earlier FOIA release, as possible war crimes connected to Region 2, DET 221, and Mountain Home AFB:

    a.  Any/all charge sheets (DD458).
    b.  Any/all court-martial data sheets (DD494).
    c.  Any/all chronology sheets (DD490).
    d.  Any/all indexes of records of trial (including witness lists and exhibit lists).
    e.  Any/all reports of results of trial (DD2707-1).
    f.  Any/all records of by summary court-martial (DD2329).
    g.  Any/all summarized records of trial (DD491).

131.    The Air Force Office of Special Investigations opened an investigation into the incident on October 29, 2015, and closed its investigation on January 25, 2016. AMP subsequently learned that the investigation was assigned case # 32548153020939.

132.    A true and correct copy of the original FOIA request is included in Exhibit 1.

133.    On September 24, 2021, AIR FORCE sent a letter responding to this and other of AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for the above request.  Ex 2.

134.    On September 24, 2021, AMP asked AIR FORCE to provide a description of the search process for Article 32 and court-martial records.  AIR FORCE did not respond to this message.

135.    The parties conferred about submitting an administrative appeal, and AIR FORCE consented to accept AMP's appeal and requester clarification.

136.    On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal, and assigned case number 2022-00051-A to the matter.

137.    On December 30, 2021, AMP submitted a requester clarification letter explaining the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was inadequate. AMP stated that the incident described in its request was investigated by the Air Force Office of Special Investigations and recorded in the central depository of alleged law of war violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E. Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge Advocate General's Office. AMP noted that AIR FORCE's search should not have been restricted to "court-martial records." Ex 3.

138.    On September 21, 2023, AMP asked for an estimated date of completion for the appeal. Ex 4.

139.    On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received." *Id*.

140.    AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

141.    As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

**MAY 4, 2021 LACKLAND AFB FOIA REQUEST TO AIR FORCE**

142.    On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for Air Force service members prosecuted in connection with an

incident, which the AIR FORCE described, in an earlier FOIA release, as Law of Armed Conflict

violations connected to Region 4, FIS 11 and Lackland AFB:

    a.  Any/all charge sheets (DD458).
    b.  Any/all court-martial data sheets (DD494).
    c.  Any/all chronology sheets (DD490).
    d.  Any/all indexes of records of trial (including witness lists and exhibit
    lists).
    e.  Any/all reports of results of trial (DD2707-1).
    f.  Any/all records of by summary court-martial (DD2329).
    g.  Any/all summarized records of trial (DD491).

143.    The Air Force Office of Special Investigations opened an investigation into the

incident on September 29, 2016, and closed its investigation on September 30, 2019. AMP

subsequently learned that the investigation was assigned case # 33771162731137.

144.    A true and correct copy of the original FOIA request is included in Exhibit 1.

145.    On September 24, 2021, AIR FORCE sent a letter responding to this and other of

AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for

the above request.  Ex 2.

146.    On September 24, 2021, AMP asked AIR FORCE to provide a description of the

search process for Article 32 and court-martial records.  AIR FORCE did not respond to this

message.

147.    The parties conferred about submitting an administrative appeal, and AIR FORCE

consented to accept AMP's appeal and requester clarification.

148.    On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal,

and assigned case number 2022-00051-A to the matter.

149.    On December 30, 2021, AMP submitted a requester clarification letter explaining

the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was

inadequate.  AMP stated that the incident described in its request was investigated by the Air Force

Office of Special Investigations and recorded in the central depository of alleged law of war

violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E.  Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge Advocate General's Office.  AMP noted that AIR FORCE's search should not have been restricted to "court-martial records."  Ex 3.

150.    On September 21, 2023, AMP asked for an estimated date of completion for the appeal.  Ex 4.

151.    On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received."  *Id*.

152.    AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

153.    As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

## MAY 4, 2021 HILL AFB FOIA REQUEST TO AIR FORCE

154.    On May 4, 2021, Plaintiff submitted a FOIA request to AIR FORCE for the following adjudicative records for Air Force service members prosecuted in connection with an incident, which the AIR FORCE described, in an earlier FOIA release, as Law of Armed Conflict violations connected to Region 1, DET 113, and Hill AFB:

      a.  Any/all charge sheets (DD458).
      b.  Any/all court-martial data sheets (DD494).
      c.  Any/all chronology sheets (DD490).
      d.  Any/all indexes of records of trial (including witness lists and exhibit lists).
      e.  Any/all reports of results of trial (DD2707-1).
      f.  Any/all records of by summary court-martial (DD2329).
      g.  Any/all summarized records of trial (DD491).

155.    The Air Force Office of Special Investigations opened an investigation into the incident on March 22, 2017, and closed its investigation on April 12, 2017. AMP subsequently learned that the investigation was assigned case # 34592170811856.

156.    A true and correct copy of the original FOIA request is included in Exhibit 1.

157.    On September 24, 2021, AIR FORCE sent a letter responding to this and other of AMP's requests dated May 4, 2021, stating a search "did not reveal any court-martial records" for the above request.  Ex 2.

158.    On September 24, 2021, AMP asked AIR FORCE to provide a description of the search process for Article 32 and court-martial records.  AIR FORCE did not respond to this message.

159.    The parties conferred about submitting an administrative appeal, and AIR FORCE consented to accept AMP's appeal and requester clarification.

160.    On December 28, 2021, AIR FORCE acknowledged AMP's administrative appeal, and assigned case number 2022-00051-A to the matter.

161.    On December 30, 2021, AMP submitted a requester clarification letter explaining the basis for its appeal of the AIR FORCE's denial, stating that the AIR FORCE's search was inadequate.  AMP stated that the incident described in its request was investigated by the Air Force Office of Special Investigations and recorded in the central depository of alleged law of war violations that the Air Force is required to maintain by Department of Defense Directive 2311.01/2311.01E.  Further, Air Force Instruction 51-401, Section 4.3.5 requires that reports of such incidents and the final dispositions of associated cases be forwarded to the Air Force Judge Advocate General's Office.  AMP noted that AIR FORCE's search should not have been restricted to "court-martial records."  Ex 3.

162.    On September 21, 2023, AMP asked for an estimated date of completion for the appeal.  Ex 4.

163.    On October 4, 2023, AIR FORCE stated it was still actively processing the appeal and would provide updates regarding the status of the appeal "when information is received." *Id*.

164.    AIR FORCE did not send any further correspondence to Plaintiff regarding this request.

165.    As of the date of this filing, AIR FORCE has not produced any records responsive to the request.

## COUNT I—AIR FORCE'S FOIA VIOLATION
## MAY 4, 2021 WRIGHT-PATTERSON AFB FOIA VIOLATION

166.    The above paragraphs are incorporated by reference.

167.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

168.    Defendant AIR FORCE is a federal agency subject to FOIA.

169.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

170.    Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

171.    Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

172.    Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

## COUNT II—AIR FORCE'S FOIA VIOLATION
### MAY 4, 2021 APO AE FOIA VIOLATION

173.    The above paragraphs are incorporated by reference.

174.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

175.    Defendant AIR FORCE is a federal agency subject to FOIA.

176.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

177.    Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

178.    Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

179.    Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

## COUNT III—AIR FORCE'S FOIA VIOLATION
### MAY 4, 2021 TRAVIS AFB FOIA VIOLATION

180.    The above paragraphs are incorporated by reference.

181.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

182.    Defendant AIR FORCE is a federal agency subject to FOIA.

183.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

184.    Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

185.    Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

186.    Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

### COUNT IV—AIR FORCE'S FOIA VIOLATION
### MAY 4, 2021 AVIANO AIR BASE FOIA VIOLATION

187.    The above paragraphs are incorporated by reference.

188.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

189.    Defendant AIR FORCE is a federal agency subject to FOIA.

190.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

191.    Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

192.    Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

193.    Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

### COUNT V—AIR FORCE'S FOIA VIOLATION
### MAY 4, 2021 DYESS AFB FOIA VIOLATION

194.    The above paragraphs are incorporated by reference.

195.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

196.    Defendant AIR FORCE is a federal agency subject to FOIA.

197.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

198.    Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

199.    Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

200.    Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

**COUNT VI—AIR FORCE'S FOIA VIOLATION**
**MAY 4, 2021 JOINT BASE LEWIS-MCCHORD—DETAINEE ABUSE FOIA**
**VIOLATION**

201.    The above paragraphs are incorporated by reference.

202.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

203.    Defendant AIR FORCE is a federal agency subject to FOIA.

204.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

205.    Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

206.    Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

207.    Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

## COUNT VII—AIR FORCE'S FOIA VIOLATION
## MAY 4, 2021 BUCKLEY AFB FOIA VIOLATION

208.   The above paragraphs are incorporated by reference.

209.   Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

210.   Defendant AIR FORCE is a federal agency subject to FOIA.

211.   Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

212.   Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

213.   Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

214.   Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

## COUNT VIII—AIR FORCE'S FOIA VIOLATION
## MAY 4, 2021 COLUMBUS AFB FOIA VIOLATION

215.   The above paragraphs are incorporated by reference.

216.   Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

217.   Defendant AIR FORCE is a federal agency subject to FOIA.

218.   Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

219.   Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

220.    Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

221.    Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

## COUNT IX—AIR FORCE'S FOIA VIOLATION
## MAY 4, 2021 MALMSTROM AFB FOIA VIOLATION

222.    The above paragraphs are incorporated by reference.

223.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

224.    Defendant AIR FORCE is a federal agency subject to FOIA.

225.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

226.    Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

227.    Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

228.    Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

## COUNT X—AIR FORCE'S FOIA VIOLATION
## MAY 4, 2021 JOINT BASE LEWIS-MCCHORD—LOAC FOIA VIOLATION

229.    The above paragraphs are incorporated by reference.

230.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

231.    Defendant AIR FORCE is a federal agency subject to FOIA.

232.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

233.    Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

234.    Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

235.    Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

## COUNT XI—AIR FORCE'S FOIA VIOLATION
## MAY 4, 2021 MOUNTAIN HOME AFB FOIA VIOLATION

236.    The above paragraphs are incorporated by reference.

237.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

238.    Defendant AIR FORCE is a federal agency subject to FOIA.

239.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

240.    Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

241.    Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

242.    Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

## COUNT XII—AIR FORCE'S FOIA VIOLATION
### MAY 4, 2021 LACKLAND AFB FOIA VIOLATION

243.    The above paragraphs are incorporated by reference.

244.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

245.    Defendant AIR FORCE is a federal agency subject to FOIA.

246.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

247.    Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

248.    Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

249.    Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

## COUNT XIII—AIR FORCE'S FOIA VIOLATION
### MAY 4, 2021 HILL AFB FOIA VIOLATION

250.    The above paragraphs are incorporated by reference.

251.    Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

252.    Defendant AIR FORCE is a federal agency subject to FOIA.

253.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

254.    Defendant AIR FORCE has failed to conduct a reasonable search for records responsive to the request.

255.    Defendant AIR FORCE has failed to issue a complete determination within the statutory deadline.

256.    Defendant AIR FORCE has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i.      declare that Defendants have violated FOIA;

ii.     order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii.    enjoin Defendants from withholding non-exempt public records under FOIA;

iv.     award Plaintiff attorneys' fees and costs; and

v.      award such other relief the Court considers appropriate.

Dated: November 17, 2023

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
ADVANCE MAGAZINE
PUBLISHERS INC.

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com